IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CAPITAL HOSPICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 08cv221 |
| ) | |
| GLOBAL ONE LENDING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I.   Background.

This case arose from a breach of a commercial sublease between Plaintiff Capital Hospice and Defendants Global One Lending, LLC ("Global One"), and Impower, Inc., and the concurrent breach of a guaranty of the commercial sublease by Defendants Quinn X. Dang and Robert T. Do. On February 12, 2009, this Court entered a consent judgment against Defendant Global One Lending for breach of the sublease. Pursuant to this judgment, at Defendant Robert T. Do's direction, Defendant Global One stipulated to attorney's fees of $19,267.35 for fees incurred as of January 9, 2009. After January 9, Plaintiff pursued litigation against Defendant Do in his individual capacity because he did not consent to judgment individually. On March 20, 2009, the Court granted summary judgment for Plaintiff Capital Hospice against Defendant Robert T. Do in the amount of $231,461.59, as well as costs and attorney's fees. The Court directed Plaintiff to file a supplemental brief and affidavit specifying the lodestar amount of attorney's fees incurred by Plaintiff's counsel in this suit. On June 5, 2009, Plaintiff filed its supplemental motion for attorney's fees (Dkt. No. 76) seeking $38,421.85, which includes:

$910.00 for case development, $7,277.60 for drafting pleadings, $13,869.25 for discovery and discovery-related motions practice, $530.50 for settlement negotiations, $7,621.50 for dispositive motions practice, $4,529.50 for final trial preparation, and $3,365.50 for preparation of the fees petition. On June 19, 2009, Defendant Do filed his opposition brief, to which Plaintiff replied on June 29, 2009.

## II. Discussion.

### A. Legal Standard.

The party requesting attorney's fees bears the burden of demonstrating the reasonableness of the fees it seeks to recover. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Under the lodestar framework for calculation of the amount of reasonable attorney's fees, the Court must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Excessive, redundant, and unnecessary hours should be excluded from the fee award. *Id.* at 434. "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler*, 902 F.2d at 277. The Court must review the specific evidence submitted by the fee petitioner to verify that the hourly rates align with the prevailing market rates in the relevant legal community. *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008); *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560

F.3d at 245.

Attorney's fee award decisions are within the district court's discretion. *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 640 (4th Cir. 1998). "In deciding what constitutes a 'reasonable' number of hours and rate, we have instructed that a district court's discretion should be guided by the [*Barber*] factors." *Robinson*, 560 F.3d at 243 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)). These factors are:

(1) the time and labor expended;
(2) the novelty and difficulty of the questions raised;
(3) the skill required to perform the legal services rendered;
(4) the attorney's opportunity costs in pressing the instant litigation;
(5) the customary fee for like work;
(6) the attorney's expectations at the outset of the litigation;
(7) the time limitations imposed by the client or circumstances;
(8) the amount in controversy and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the undesirability of the case within the legal community in which the suit arose;
(11) the nature and length of the professional relationship between attorney and client;
(12) attorney's fees awards in similar cases.

B. <u>Billing Rates, Factors (2)-(12).</u>

The Court has reviewed the submissions of the parties and the affidavits and billing records filed in support of the fees petition. The first step is to compare the hourly billing rates submitted by Plaintiff with the prevailing market rates for legal services in Northern Virginia. *See Grissom*, 549 F.3d at 323. Petitioners submit the affidavit of Danny M. Howell, Esquire, an attorney licensed to practice in Virginia, who has practiced commercial litigation for twenty years in federal and state courts including cases involving commercial leases, guaranty agreements, and determinations as to the reasonableness of attorney's fees. Mr. Howell avers that he reviewed the records reflecting the hourly rates charged by Plaintiff's law firm Bean, Kinney & Korman in this

case, and found these rates to be commensurate with market rates for attorneys with similar experience in the Northern Virginia/DC market. Mr. Howell's affidavit meets the fee petitioner's burden of producing "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler*, 902 F.2d at 277; *Robinson*, 560 F.3d at 245 ("affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are "sufficient to verify the prevailing market rates").

The second *Barber* factor, "novelty and difficulty of the questions raised," militates slightly towards lower fees, as both parties admit that this case did not present particularly complex or novel issues. The third factor, the skill required to perform the legal services, also militates slightly towards lower fees for the same reasons.

The fourth factor, "opportunity costs," militates towards a finding of reasonableness of the sought fee award. 577 F.2d at 226. The litigation entailed unanticipated opportunity costs for Plaintiff's attorneys after Defendant Do directed Global One to enter into the consent judgment, but then disclaimed any individual liability, which forced Plaintiff to pursue summary judgment against him.

Under the fifth factor, Mr. Howell's affidavit supports a finding that petitioner's sought fees are reasonable because they seek a "customary fee for like work." The sixth factor, the attorney's expectations at the outset of litigation, is in equipoise because neither party submitted any evidence that would enable the court to evaluate the attorneys' original expectations. The seventh factor also is in equipoise for the same reason.

The eighth *Barber* factor, "the amount in controversy and the results obtained," militates

towards a finding of reasonableness. Plaintiff's attorneys conducted litigation through discovery against three co-defendants, successfully defended against a $1 million counterclaim, secured a consent judgment against Defendant Global Lending, and then pursued and obtained summary judgment against Defendant Do in the amount of $231,461.59. The total amount of fees sought by petitioners here ($38,421.85) is less than 17% of the summary judgment award obtained on behalf of the Capital Hospice against Defendant Do. This is a reasonable percentage of the final award obtained.

The ninth *Barber* factor, "experience, reputation, and ability of the attorney," militates towards a finding of reasonableness as well. Petitioners' firm, Bean, Kinney & Korman, is well-respected in the Northern Virginia legal community. Likewise, the tenth factor militates towards reasonableness because a breach of contract and breach of guarantee action requiring three motions for default judgment against three separate defendants is not particularly desirable legal work. The Court lacks evidence to decide the eleventh factor, the nature and length of professional relationship between the attorney and client. As to the twelfth factor, for the reasons explained below, the requested fees – with the exception of Mr. Groh's discussed below – are in line with fee awards in similar cases.

Taken together, factors four, five, eight, and nine militate towards a finding of reasonableness of the sought fee award. The other factors are in equipoise, with the exceptions of the second and third factors. These factors are outweighed by the fact that petitioners have met their burden of showing that the rates charged are consistent with prevailing rates in the Northern Virginia legal community.

In light of the Fourth Circuit's opinion in *Grissom*, however, the Court must reduce the

5

billing rate for Mr. Groh sought by petitioners from the requested $265.00 per hour down to $200.00 per hour. In *Grissom*, a whistle-blower brought suit under the anti-retaliation provisions of the Sarbannes-Oxley Act. 549 F.3d at 323-325. He was represented by the Reston, Virginia law firm of Charleson, Bredehoft, and Cohen, P.C., one of the premiere employment litigation firms in Northern Virginia. After the plaintiff accepted an offer of judgment, the plaintiff's attorneys submitted a fees petition seeking over $325,000. The district court accepted the attorney billing rates offered by the fee petitioners and calculated the lodestar amounts using these rates. The Fourth Circuit reversed and remanded for a re-calculation of the lodestar amounts. In so doing, the court set forth a table containing maximum hourly billing rates for the attorneys as follows:

| Title | Years of Experience | Hourly Rate |
| --- | --- | --- |
| Partner | 18-19+ | $335.00-$380.00 |
| Associate | 6-7 | $250.00 |
| Associate | 5-6 | $250.00 |
| **Associate** | **2-3** | **$200.00** |
| Associate | 1 | $180.00 |

*Grissom* provides a useful benchmark for our case. It is a Fourth Circuit opinion of recent vintage (2008), which involved commercial litigation of similar complexity and reputable attorneys of various experience levels practicing in the same Northern Virginia market. As is evident from the table, an associate attorney with 2-3 years of experience should bill at no more than $200.00 per hour. At the time of this litigation, Mr. Groh had about three years of legal experience. Using *Grissom*'s rate table as a guide, and with due regard to the *Barber* factors analyzed above, the Court will apply the following billing rates in calculating the lodestar

amounts in this case:

| Title | Years of Experience | Hourly Rate |
|---|---|---|
| Partner David A. Temeles, Jr.[1] | 15 | $300.00 |
| Associate William Groh, III[2] | 3 | $200.00 |
| Sean S. Kumar[3] | 3 | $200.00 |
| Thomas W. Repczynski[4] | N/A | N/A |
| Joshua R. Dutill[5] | N/A | N/A |

C.   <u>Time and Labor Required, Factor (1).</u>

The Court has reviewed the affidavits and billing records submitted by the Plaintiff and finds that Plaintiff's attorneys worked a reasonable amount of hours on case development, pleadings, discovery, settlement negotiations, dispositive motions, and final trial preparation. Thus, the Court finds the "hours worked" figures submitted by petitioners to be reasonable, and

---

[1] Per his affidavit, Mr. Temeles is an attorney practicing commercial litigation, who has been licensed to practice in the Commonwealth of Virginia since 1993.

[2] Per his affidavit, Mr. Groh is an attorney practicing commercial litigation, who has been licensed to practice in the Commonwealth of Virginia since 2005.

[3] Per his affidavit, Mr. Kumar is an attorney practicing commercial litigation, who has been licensed to practice in the Commonwealth of Virginia since 2005.

[4] Petitioners neglected to submit an affidavit substantiating Mr. Repczynski's background, experience, and hours worked on this case. The Court therefore finds that they have failed to meet their burden as to time billed by Mr. Repczynski and will subtract the minimal amount of hours he billed from the lodestar calculation.

[5] Petitioners neglected to submit an affidavit substantiating Mr. Dutill's background, experience, and hours worked on this case. The Court therefore finds that they have failed to meet their burden as to time billed by Mr. Dutill and will subtract the minimal amount of hours he billed from the lodestar calculation.

7

will use these figures for the lodestar calculation. This case involved active litigation against three defendants through discovery, and Plaintiff was required to pursue summary judgment against Defendant Do when he disclaimed any individual liability arising from the consent judgment against the company Global Lending. Against this backdrop, the hours worked by petitioners were reasonable.

There is no basis, however, upon which to grant the requested fee award of $3,365.50 for "fee petition preparation." As a general rule, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. Nonetheless, the Fourth Circuit has approved an award of fees for the preparation of a fee petition. *See Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986); *see also EEOC v. Service News Co.*, 898 F.2d 958, 966 (4th Cir. 1990). Here, 12.7 hours of an attorney's time preparing a fee petition seems excessive, particularly given that such work is relatively straightforward and much of it could have been delegated to staff. The Court therefore will cut the amount of hours spent preparing the fee petition in half, from 12.7 hours to 6.35 hours.

D.  Lodestar Calculation.

Consistent with the foregoing lodestar analysis, the Court will award the following amounts:

| Category | Hours Worked | Rate | Total |
|---|---|---|---|
| Case Development | David Temeles = 1.3 | $300/hr | $390.00 |
|  | Sean Kumar = 2.6 | $200/hr | $520.00 |

| Pleadings | David Temeles = 7.15 | $300 | $2145.00 |
| --- | --- | --- | --- |
| | Sean Kumar = 11.7 | $200 | $2340.00 |
| | William Groh = 10.24 | $200 | $2048.00 |
| Discovery Practice | David Temeles = 15.8 | $300 | $4740.00 |
| | William Groh = 34.45 | $200 | $6890.00 |
| Settlement Negotiations | David Temeles = 1.15 | $300 | $345.00 |
| | William Groh = 0.7 | $200 | $140.00 |
| Dispositive Motions | David Temeles = 14.2 | $300 | $4260.00 |
| | William Groh = 12.3 | $200 | $2460.00 |
| Trial Preparation | David Temeles = 1.5 | $300 | $450.00 |
| | William Groh = 15.3 | $200 | $3060.00 |
| Fees Petition Preparation | William Groh = 6.35 | $200 | $1270.00 |
| **Total** | | | **$31,058.00** |

### III. Conclusion.

For the foregoing reasons, the Court will award Petitioners attorney's fees in the amount of $31.058.00 against Defendant Robert T. Do. An appropriate order shall issue forthwith.

/s/
Liam O'Grady
United States District Judge

July 1, 2009.

Alexandria, Virginia